## KELLOGG v. KELSEY et al.

1. APPEAL: CHANCERY CAUSES. Chancery causes triable by the first method will be tried *de novo* in the Supreme Court only when the evidence heard in the court below is properly certified as a part of the record. (*Van Orman* v. *Spofford, Clarke & Co., ante; Ticonic Bank* v. *Harvey et al., ante.*)

*Appeal from Fremont District Court.*

TUESDAY, JUNE 14.

THE material facts are stated in the opinion.

*C. C. Cole* for the appellants.

*J. A. Harvey* (with whom was *Withrow & Smith*), for the appellee.

DILLON, J.—The petition was filed in Chancery to set aside certain assignments of a preëmption certificate for swamp land, issued by the county judge of Fremont county, as being fraudulent as against the plaintiff, and to quiet, as against the defendants, the plaintiff's title to the same lands obtained under a deed of trust and decree.

The issues were made up and the cause tried according to the *first* method for equitable trials. Rev., § 2999. From the evidence, the Court made a finding of the facts and law, and this finding is certified to this Court. The decree was in favor of the plaintiff, granting him relief, as prayed. The defendant, Kelsey, appeals, and now claims that the decree was wrong, on the merits, and not warranted by a fair view of the evidence. He asks a trial *de novo*. To authorize him to have the cause tried anew, in this Court, he must produce all the evidence upon which the District Court acted. In cases of appeal like the present, the law requires "all the evidence to go to the Supreme Court." Rev., § 2999, clause 3. It also requires (§ 3512) "the depositions and all papers which were used as evidence to be certified up to the Supreme Court, not by transcript but in the original form."

The decree states that the cause was heard upon " the pleadings and evidence," but does not state in what the evidence consisted. Among the papers filed in this Court we find certain depositions apparently belonging to the cause and in the original form. But there is no certificate of the clerk whatever accompaning them as required by section 3512, and no certificate or other evidence in the record showing that we have before us all the testimony upon which the decree below was based.

Under the decisions of this Court (see *Anderson* v. *Eaton*, and *Van Orman* v. *Spofford, Clarke & Co., ante*, and the cases there cited), the decree below must be affirmed. The rule of practice established by these decisions will be

adhered to and enforced. We the more readily affirm the decree, because, on the assumption that all of the evidence is before us, we think it was fully warranted.

Decree affirmed.

COLE, J., being of counsel, took no part in the determination of this cause.